(26 Misc. Rep. 419.)

STERN v. CHILDS.

(Supreme Court. Appellate Term. February 24, 1899.)

FOREIGN CORPORATION—RIGHT TO SUE.

Proof tending to show that a foreign corporation was doing business in New York merely at the time of trial will not prevent a recovery for goods sold because of nonpayment of the license fee imposed by Laws 1896, c. 908, § 181, providing that such a corporation shall not maintain an action in any of the courts in New York without obtaining a receipt for such license fee within 13 months after beginning such business.

Appeal from municipal court, borough of Manhattan, First district.

Action by William Stern against John C. Childs. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Bernard Naumberg, for appellant.
C. N. Ironside, for respondent.

LEVENTRITT, J. The pleadings are written. The plaintiff, as assignee, brings this action to recover the unpaid balance for goods sold and delivered to the defendant by an Illinois corporation. The defendant resists recovery upon the plea that the plaintiff's assignor is a foreign corporation, and, as such, has been doing business in the city of New York continuously for more than 13 months; that it has a present place of business in said city; and that it has failed to pay to the state treasurer the license fee, and obtain the receipt therefor, as required by the statute. The sole question litigated was the applicability of that statute, which reads as follows:

"License Tax on Foreign Corporations. Every foreign corporation, joint stock company or association, except banking, fire, marine, casualty and life insurance companies, and corporations wholly engaged in carrying on manufactories, in this state, co-operative fraternal insurance companies, and build-

ing and loan associations, authorized to do business under the general corporation law, shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state during the first year of carrying on its business in this state. No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state." Laws 1896, c. 908, § 181.

The only evidence disclosed by the record upon that issue is the Illinois certificate of incorporation and the New York certificate of nonpayment of the license fee. There was random and inconclusive testimony introduced to show that the corporation was doing business in this state at the time of trial, but no proof was offered as to any anterior period. The facts proven do not render a foreign corporation amenable to the provisions of the statute quoted. Hence the judgment must be affirmed for failure to establish the defense.

Judgment affirmed, with costs to the respondent. All concur.

